**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**
_____

**UNITED STATES OF AMERICA,**

                                                                          **16-CR-9G**

         **-v-**

**JAY NEAL,**

                **Defendant.**
_____

**DECISION AND ORDER**

This case was referred to the undersigned by the Hon. Frank. P. Geraci, Jr. in accordance with 28 U.S.C. § 636(b)(1), for all pretrial matters and to hear and report on dispositive motions.

**PRELIMINARY STATEMENT**

The defendant, Jay Neal ("the defendant") is charged in a multiple count indictment with having violated Title 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(C), 856(a)(1) and Title 18 U.S.C. §§ 924(c)(1)(A)(i), 922(g)(1), 924(a)(2), 922(k) and 924(a)(1). Dkt. #10. He has filed an omnibus discovery motion wherein he seeks the following:

    (A)    A Bill of Particulars;

    (B)    Revelation of Identity of Informants;

    (C)    Discovery Pursuant to Rule 16 and Notice of Intention Pursuant to Rule 12 of the F. R. Crim. P.;

    (D)    Production of Brady, Giglio and Jencks materials;

    (E)    Grand Jury Transcripts;

    (F)    Disclosure of Evidence Pursuant to Rules 404(b), 608 and 609 of the Federal Rules of Evidence;

    (G)    Permission to V*oir Dire* Government Experts Outside the Presence of the Jury;

    (H)    An Audibility Hearing;

    (I)    Preservation of Rough Notes and Other Evidence;

    (J)    Permission to Join in the Co-Defendant's Motions;  and

    (K)    Permission to File Other Motions.

Dkt. #12.

The government has filed its response to these requests.  Dkt. #13.

**A. Defendant's Request for a Bill of Particulars**

The defendant argues that he has not been provided with "any information or evidence linking [him] to a conspiracy to possess with intent to distribute cocaine or marijuana in any amounts" and therefore, his request for a bill of particulars is "necessary because the charges in the indictment are so general they do not advise the defendant of the specific acts of which he is accused." Dkt. #12, pp. 4-5, ¶ 15.

The defendant's request is denied.  It has become axiomatic that the function of a bill of particulars is to apprise a defendant of the essential facts of the crime for which he has been charged. *United States v. Salazar,* 485 F.2d 1272, 1277-

78 (2d Cir. 1973); *cert. denied*, 415 U.S. 985 (1974); *Wong Tai v. United States*, 273 U.S. 77 (1927).  The charge in Count 1 of the Indictment, along with the discovery materials provided or to be provided by the government, clearly inform the defendant of the essential facts of the crime charged.  As a result, the defendant is not entitled to, nor is he in need of, the "particulars" being sought for that purpose.

> "A bill of particulars should be required only where the charges of the indictment are so general that they do not advise the defendant of the specific acts of which he is accused."  *United States v. Feola*, 651 F. Supp. 1068, 1132 (S.D.N.Y. 1987), *aff'd*, 875 F.2d 857 (2d Cir.) (mem.), *cert. denied*, ____ U.S. ____, 110 S.Ct. 110, 107 L.Ed.2d 72 (1989); *see also United States v. Leonelli*, 428 F. Supp. 880, 882 (S.D.N.Y. 1977).  "Whether to grant a bill of particulars rests within the sound discretion of the district court."  *United States v. Panza*, 750 F.2d 1141, 1148 (2d Cir. 1984) (citing *United States v. Burgin*, 621 F.2d 1352, 1358-59 (5th Cir.), *cert. denied*, 449 U.S. 1015, 101 S.Ct. 574, 66 L.Ed.2d 474 (1980)); *see also Bortnovsky*, 820 F.2d at 574.  "Acquisition of evidentiary detail is not the function of the bill of particulars."  *Hemphill v. United States*, 392 F.2d 45, 49 (8th Cir.), *cert. denied*, 393 U.S. 877, 89 S.Ct. 176, 21 L.Ed.2d 149 (1968).

*United States v. Torres*, 901 F.2d 205, 234 (2d Cir. 1990*); see also United States v. Chen*, 378 F.3d 151, 163 (2d Cir. 2004); *United States v. Porter*, 2007 WL 4103679 (2d Cir. 2007).

**B. Defendant's Request for Disclosure of Informant Identities**

The defendant requests that the government be directed to identify all informants on whom the government has relied or will rely in any way in its investigation and/or prosecution of this case and disclosure of information received from informants. However, the defendant has failed to sufficiently state a basis for requiring the disclosure of this information or "that the testimony of the informant would [be] of even marginal value to the defendant's case." As a result, the holding of the Court of Appeals for the Second Circuit in *United States v. Saa*, 859 F.2d 1067 (2d Cir. 1988), *cert. denied*, 489 U.S. 1089 (1989), is dispositive of this request by the defendant wherein the Court stated:

> The leading Supreme Court case on this question, *Roviaro v. United States*, 353 U.S. 53, 77 S.Ct. 623, 1L.Ed.2d 639 (1957), holds that
>
>> [w]here the disclosure of an informant's identity, or of the contents of his communication, is relevant and helpful to the defense of an accused, or is essential to the fair determination of a cause, the [informant's] privilege must give way.
>
> 353 U.S. at 60-61, 77 S.Ct. at 628. The Court explained that "no fixed rule with respect to disclosure is justifiable." *Id.* at 62, 77 S.Ct. at 628. What is required is "balancing the public interest in protecting the flow of information against the individual's right to prepare his defense." *Id.* Whether non-disclosure is erroneous "must depend on the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible

4

significance of the informer's testimony, and other relevant factors." *Id.  See Rugendorf v. United States*, 376 U.S. 528, 534-35, 84 S.Ct. 825, 829, 11 L.Ed.2d 887 (1964); *United States v. Lilla*, 699 F.2d 99, 105 (2d Cir. 1983); *United States v. Ortega*, 471 F.2d 1350, 1359 (2d Cir. 1972), *cert. denied*, 411 U.S. 948, 93 S.Ct. 1924, 36 L.Ed.2d 409 (1973).

The defendant is generally able to establish a right to disclosure "where the informant is a key witness or participant in the crime charged, someone whose testimony would be significant in determining guilt or innocence." *United States v. Russotti*, 746 F.2d 945, 950 (2d Cir. 1984); *United States v. Roberts*, 388 F.2d 646, 648-49 (2d Cir. 1968); *see United States v. Price*, 783 F.2d 1132 (4th Cir. 1986); *United States v. Barnes*, 486 F.2d 776 (8th Cir. 1973). In *Roberts*, the informant introduced an undercover agent to the defendant and was present when the defendant and the agent negotiated and transacted two sales of heroin.  The Court, noting that the informant was "present during all the significant events," 388 F.2d at 649, found that he was "obviously a crucial witness to the alleged narcotics transactions," *id.*, and therefore, his whereabouts should have been revealed to the defense if properly requested.  But disclosure of the identify or address of a confidential informant is not required unless the informant's testimony is shown to be material to the defense.  *See United States v. Valenzuela-Bernal*, 458 U.S. 858, 870-81, 102 S.Ct. 3440, 3448, 73 L.Ed.2d 1193 (1982) (dictum); *United States v. Lila*, 699 F.2d at 105.  As this Court's recent opinion in *United States v. Jiminez*, 789 F.2d 167 (2d Cir. 1986) makes clear, it is not sufficient to show that the informant was a participant in and witness to the crime charged.  In *Jimenez*, the informant was both participant and witness, but the district court's refusal to order disclosure of his identity was upheld on the ground that the defendant had failed to show that the testimony of the informant "would have been of even marginal value to the defendant's case.  789 F.2d at 170."

*Id.* at 1073; *see also United States v. Fields*, 113 F.3d 313, 324 (2d Cir. 1997).

Since the defendant has not made a sufficient showing that any informant's potential testimony is material to his defense, this request is denied.

### C.  Defendant's Request for Rule 16 F. R. Crim. P. Materials

The defendant seeks to "compel discovery of any items or information to which the defendant is entitled" pursuant to Rule 16 of the F. R. Crim. P. and disclosure by the government as to what evidence the government plans to use at trial in accordance with Rule 12 of the F. R. Crim. P.  Dkt. #12, pp. 19-24.

The government represents that "it has provided all discovery required under Rule 16, or has made such discovery available to inspection by defense counsel" and that it will "provide continuing R 16 discovery if and when such becomes known to the government."  Dkt. #13, p. 11.  The government also advises the defendant that it "intends to use all items of evidence that the defendant has been provided with or been made aware of in accordance with Federal Rule of Criminal Procedure 12(b)(4)(A)."  Dkt. #13, p. 14.

Based on the government's representations, the defendant's request is denied as being moot.

**D. Defendant's Request for Production of *Brady, Giglio* And *Jencks* Materials**

The defendant seeks "immediate disclosure of all exculpatory and/or impeaching material in the prosecution's possession, custody or control or which is otherwise known to the prosecution." Dkt. #12, pp. 24-34. The Court treats this request of the defendant as a demand for immediate production of all *Brady, Giglio* and *Jencks* material.

The government has acknowledged its responsibility under *Brady v. Maryland*, 373 U.S. 83 (1963) and *Giglio v. United States*, 405 U.S. 150 (1972) and subsequent cases. The government has also represented that it will comply with the requirements of 18 U.S.C. § 3500 with respect to production of statements of witnesses called to testify at trial. As a result of these representations, the defendant's request for such materials, *i.e., Brady, Giglio* and *Jencks* is denied, but the government is hereby directed to comply with the Second Circuit Court of Appeals' holding in *United States v. Coppa*, 267 F.3d 132 (2d Cir. 2001) and *United States v. Rodriguez*, 496 F.3d 221 (2d Cir. 2007) by making timely disclosure of those materials to the defendant.

"[A]s a general rule, *Brady* and its progeny do not require immediate disclosure of all exculpatory and impeachment material upon request by a defendant." *Coppa* at 146. The prosecution is obligated to disclose and turn over *Brady* material to the defense "in time for its effective use." *Coppa* at 144. With respect to impeachment material that does not rise to the level of being *Brady* material, such as *Jencks*

7

statements, the prosecution is not required to disclose and turn over such statements until after the witness has completed his direct testimony.  *See* 18 U.S.C. § 3500; Rule 26.2 Fed.R.Crim.P.; *In Re United States*, 834 F.2d 283 (2d Cir. 1987).  However, if the government has adopted a policy of turning such materials over to the defendant prior to trial, the government shall comply with that policy; or in the alternative, produce such materials in accordance with the scheduling order issued by the trial judge.

### E. Defendant's Request for Disclosure of Evidence Pursuant to Rules 404(b), 608 and 609 of the Federal Rules of Evidence

The defendant requests that the government "notify him of any evidence that the government contends would be admissible under Rule 404(b) of the Federal rules of Evidence" as well as "any other evidence the government intends to use to impeach the defendant's credibility if he should choose to testify."  The defendant also "requests a pretrial hearing to determine the admissibility of such evidence."  Dkt. #12, pp. 34-35.

The government has stated that it "will provide notice of the information requested pursuant to the District Court's trial scheduling order which has yet to be issued." Dkt. #13, pp. 16-17.

Based on the government's response, this request of the defendant is denied as being moot.  The issue of admissibility of such evidence at the trial is best left to the trial judge and therefore, the defendant's request for a pretrial hearing is denied.

### F. Defendant's Request for Grand Jury Transcripts

The defendant asserts that he "has a particularized need for the [grand jury] transcripts which outweighs the grand jury policy of secrecy" in that he is "the subject of a bare bones indictment that does not state any particular acts or overt acts that he allegedly committed in the course of the conspiracy." Dkt. #12, pp. 36-37.

It is a long-established rule that "[t]he burden. . . is on the defense to show that 'a particularized need' exists for the minutes [of the grand jury] which outweighs the policy of secrecy." *Pittsburgh Plate Glass Co v. United States*, 360 U.S. 395, 400 (1959). The assertion of the defendant as to her "particularized need" is legally insufficient to require disclosure of the grand jury proceedings as requested by her. It is pointed out that transcripts of grand jury testimony of witnesses called by the government to testify at trial must be made available to the defendant pursuant to and in accordance with the provision of 18 U.S.C. § 3500.

It is also pointed out that:

[A]n indictment valid on its face is not subject to challenge on the ground that the grand jury acted on the basis of inadequate or incompetent evidence.

*United States v. Calandra*, 414 U.S. 338, 345 (1978).

Furthermore,

An indictment returned by a legally constituted and unbiased grand jury, like an information drawn by the prosecutor, if valid on its face, is enough to call for trial of the charge on the merits. The Fifth Amendment requires nothing more.

*Costello v. United States*, 350 U.S. 359, 363 (1956).

Therefore, defendant's request for disclosure of the grand jury proceedings is denied.

### G. Defendant's Request to *Voir Dire* Government Experts Outside the Presence of the Jury

The defendant requests an order pursuant to Rule 104 of the FRE permitting him to "*voir dire* any proposed government experts at trial outside the presence of the jury." This motion is premature and is best left for determination by the trial judge and therefore, said motion is denied with the right of the defendant to make it *de novo* at the trial before the trial judge pursuant to Rule 104(a) FRE.

### H. Defendant's Request for an Audibility Hearing

Counsel for the defendant and the government have advised the Court that the audiotapes or CDs that may be used at trial by the government have not been reviewed at this time for purposes of determining whether there are any actual audibility problems or issues with respect to such tapes or CDs. Therefore, the defendant's motion in this regard is denied without prejudice with the right to reapply for such relief after the tapes or CDs in question have been reviewed and it is determined that there is an audibility issue that needs to be resolved by this Court. As part of this process, counsel for the government is hereby directed to identify those tapes or CDs that the government plans on using at the trial of the defendant and to have transcripts of those tapes or CD recordings prepared. Once such transcripts have been prepared, counsel

for the government shall supply copies of the designated tapes or CDs and respective transcripts to counsel for the defendant.  Counsel for the defendant is hereby directed to review the aforesaid tapes or CDs and transcripts after receipt of same, and upon completion of such review, make known to counsel for the government those portions of the aforesaid tapes or CDs and transcripts that counsel for the defendant claims are inaudible or, in the alternative, inaccurately transcribed.  Thereafter, counsel for the government and the defendant are directed to confer for the purpose of resolving any disputes that may exist as to audibility of the tapes or CDs in question and the correctness of the transcripts of such tapes or CDs.  Should the attorneys be unable to resolve any such disputes that may exist, counsel for the defendant may file a motion for an audibility hearing, which motion must be filed and served within ten days after the last conference between the attorneys seeking to resolve such issues.

### I. Defendant's Request for Preservation of Rough Notes and Other Evidence

It appears that the defendant is attempting to have all potential *Jencks* materials preserved.  The express admonition of the Court of Appeals for the Second Circuit bears repeating in addressing this particular request of the defendant wherein the Court stated:

> [W]e will look with an exceedingly jaundiced eye upon future efforts to justify non-production of a Rule 16 or Jencks Act "statement" by reference to "departmental policy" or "established practice" or anything of the like.  There simply is no longer any excuse for official ignorance regarding the mandate of the law.  Where, as here, destruction is deliberate, sanctions will normally follow, irrespective of the perpetrator's motivation, unless the government can bear the

> heavy burden of demonstrating that no prejudice resulted to the defendant. . . .  We emphatically second the district court's observation that any resulting costs in the form of added shelf space will be more than counterbalanced both by gains in the fairness of trials and also by the shielding of sound prosecutions from unnecessary obstacles to a conviction.

*United States v. Buffalino*, 576 F.2d 446, 449-50, (2d Cir.), *cert. denied*, 439 U.S. 928 (1978); *see also United States v. Grammatikos*, 633 F.2d 1013, 1019-20 (2d Cir. 1980); *United States v. Miranda*, 526 F.2d 1319 (2d Cir. 1975), *cert. denied*, 429 U.S. 821 (1976).

The government is hereby DIRECTED to maintain and preserve all materials that are known by the government to exist, that constitute potential *Jencks* material in this case.

The defendant's request for "an order of this Court requiring the government to preserve and protect from destruction, alteration, mutilation, or dilution any and all evidence acquired in their investigation of the defendants" (Dkt. #12, p. 36) is an overly broad request for which there is no legal support and therefore, this request is denied.

### J. Defendant's Request to Join in the Co-Defendant's Motions

The co-defendant in this case, Quashawn Lawrence, entered a plea of guilty on August 18, 2016 (Dkt #21) and therefore there are no motions pending by any co-defendant in this case. As a result, the defendant's request is denied as being moot.

### K. Defendant's Request Seeking Permission to File Other Motions

The defendant requests permission "to make further and additional motions, which may be necessitated by due process of law, by the Court's ruling on the relief sough herein, by additional discovery provided by the government or investigation made by the defense, and/or by any information provided by the government in response to the defendant's demands." Dkt. #12, p. 41.

This request of the defendant is granted subject to the limitations set forth in the above stated quote.

It is hereby **ORDERED** pursuant to 28 U.S.C § 636(b)(1) that:

This Decision and Order be filed with the Clerk of Court.

**ANY OBJECTIONS** to this Decision and Order must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Decision and Order in accordance with the above statue, Fed.R.Crim.P. 58(g)(s) and Local Rule 58.2.

The district judge will ordinarily refuse to consider *de novo*, arguments, case law and/or evidentiary material which could have been, but were not presented to the magistrate judge in the first instance. *See, e.g., Patterson-Leitch Co., Inc. v. Massachusetts Municipal Wholesale Electric Co.*, 840 F.2d 985 (1st Cir. 1988). **Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Judge's Order.** *Thomas v. Arn*, 474 U.S. 140 (1985); *Wesolek, et al. v. Canadair Ltd., et al.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 58.2 of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." **Failure to comply with the provisions of Rule 58.2, or with the similar provisions of Rule 58.2 (concerning objections to a Magistrate Judge's Decision and Order), may result in the District Judge's refusal to consider the objection.**

DATED:   March 28, 2017
         Buffalo, New York

                                      *S/ H. Kenneth Schroeder, Jr.*
                                      **H. KENNETH SCHROEDER, JR.**
                                      **United States Magistrate Judge**