**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**
_____

**UNITED STATES OF AMERICA,**

                                                                    **16-CR-9G**

                    **-v-**
**JAY NEAL,**

                    **Defendant.**
_____


## REPORT, RECOMMENDATION AND ORDER

          This case was referred to the undersigned by the Hon. Frank. P. Geraci,

Jr. in accordance with 28 U.S.C. § 636(b)(1), for all pretrial matters and to hear and

report on dispositive motions.


## PRELIMINARY STATEMENT

          The defendant, Jay Neal ("the defendant") is charged in a multiple count

indictment with having violated Title 21 U.S.C.  §§ 846, 841(a)(1), 841(b)(1)(C),

856(a)(1) and Title 18 U.S.C. §§ 924(c)(1)(A)(i), 922(g)(1), 924(a)(2), 922(k) and

924(a)(1).  Dkt. #10.  He has filed a motion wherein he seeks dismissal of Count 1 as

being duplicitous as well as dismissal of Counts 1 and 5 of the indictment as being

multiplicitous."  Dkt. #12, pp. 37-39.  The government has filed a response in opposition

to these requests.  Dkt. #13, pp. 24-28.

## DISCUSSION AND ANALYSIS

In seeking dismissal of Count 1of the indictment, which charges a

conspiracy to possess with intent to distribute and to distribute heroin and cocaine base

and to use and maintain a place for the purpose of manufacturing, distributing and using

heroin and cocaine base, in violation of Title 21U.S.C. § 846, the defendant asserts that

this Count 1 "charges two separate offenses in the same count which requires

dismissal." Dkt. #12, p. 37. This position of the defendant is without legal merit. As the

Second Circuit Court of Appeals has stated:

> An indictment is duplicitous if it joins two or more distinct crimes in a single count. *United States v. Murray*, 618 F.2d 892, 896 (2d Cir. 1980). A duplicitous indictment, which alleges several offenses in the same count, must be distinguished from "the allegation in a single count of the commission of a crime by several means." *Id.* The latter is not duplicitous. The policy considerations underlying the prohibition against duplicitous indictments are varied. As we previously have stated, these considerations includeavoiding the uncertainty of whether a general verdict of guilty conceals a finding of guilty as to one crime and a finding of not guilty as to another, avoiding the risk that the jurors may not have been unanimous as to any one of the crimes charged, assuring the defendant adequate notice, providing the basis for appropriate sentencing, and protecting against double jeopardy in a subsequent prosecution.

> *United States v. Margiotta*, 646 F.2d 729, 733 (2d Cir. 1981) (citing *Murray*, 618 F.2d at 896).

> A conspiracy indictment presents "unique issues" in the duplicity analysis because "a single agreement may encompass multiple illegal objects." *Murray*, 618 F.2d at 896. In this Circuit "it is well established that '[t]he allegation in a single count of a conspiracy to commit several crimes is not duplicitous, for "[t]he conspiracy is the crime and that is

2

one, however diverse its objects."'" *Id.* (citations omitted); *see also Braverman v. United States*, 317 U.S. 49, 53, 63 S.Ct. 99, 101, 87 L.Ed. 23 (1942) ("Whether the object of a single agreement is to commit one or many crimes, it is in either case that agreement which constitutes the conspiracy which the statute punishes.  The one agreement cannot be taken to be several agreements and hence several conspiracies because it envisages the violation of several statutes rather than one.").

We have declined to accept the law of the Fifth Circuit "that any acts capable of being charged as separate offenses must be alleged in separate counts."  *Margiotta*, 646 F.2d at 733 (citing *Bins v. United States*, 331 F.2d 390, 393 (5th Cir.), *cert. denied*, 379 U.S. 880, 85 S.Ct. 149, 13 L.Ed.2d 87 (1964)).  Instead, under the law of this Circuit, "acts that could be charged as separate counts of an indictment may instead be charged in a single count if those acts could be characterized as part of a single continuing scheme."  *United States v. Tutino*, 883 F.2d 1125, 1141 (2d Cir. 1989) (citation omitted), *cert. denied*, 493 U.S. 1081, 110 S.Ct. 1139, 107 L.Ed.2d.

*United States v. Aracri*, 968 F.2d 1512, 1518 (2d Cir. 1992).

Therefore, it is recommended that defendant's motion to dismiss Count 1 of the indictment as being duplicitous be denied.

The defendant further contends that Counts 1 and 5 of the indictment are "multiplicitous because the same offense of maintaining a place for the purpose of manufacturing, distributing, and using heroin is charged in the separate counts 1 and 5

and would thereby impermissibly punish defendant twice for the same conduct."

Dkt. #12, p. 38.  This argument of the defendant is also without legal merit.  As

previously stated, Count 1 charges a conspiracy in violation of Title 21 U.S.C. § 846.

Count 5 charges a substantive count, *i.e.*, "unlawfully us[ing] and maintain[ing] a

place   . . .  for the purpose of manufacturing, distributing and using heroin, a Schedule I

controlled substance, and cocaine base, a Schedule II controlled substance, in violation

of Title 21 U.S.C. § 856(a)(1)."  Dkt. #10, pp. 3-4.


The United States Supreme Court enunciated the rule or test to be applied

in making a determination of whether an indictment contains multiplicitous counts as

follows:

> The applicable rule is that, where the same act or transaction constitutes a violation of **two distinct statutory provisions**, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of an additional fact which the other does not. *Gavieres v. United States*, 220 U.S. 338, 342, 31 S. Ct. 421, 55 L. Ed. 489, and authorities cited.  In that case this court quoted from and adopted the language of the Supreme Court of Massachusetts in *Morey v. Commonwealth*, 108 Mass. 433: 'A single act may be an offense against two statutes; **and if each statute** requires proof of an additional fact which the other does not, an acquittal or conviction under either statute does not exempt the defendant from prosecution and punishment under the other.'

*Blockburger v. United States*, 284 U.S. 299, 304 (1932) (emphasis added).

4

The Court of Appeals for the Second Circuit has reiterated this rule or test in *United States v. Chacko,* 169 F.3d 140, 146 (1999), wherein it stated:

> In assessing whether a defendant is impermissibly charged with essentially the same offense more than once in violation of the Double Jeopardy Clause of the Constitution, the touchstone is whether Congress intended to authorize separate punishments for the offensive conduct under separate statutes. *See Holmes*, 44 F.3d at 1154. It is not determinative whether the same conduct underlies the counts; rather, it is critical whether the "**offense**" -- in the legal sense, as defined by Congress -- complained of in one count **is the same as that charged in another**.

> To assess whether the two offenses charged separately in the indictment are really one offense charged twice, the "same elements" test or the "*Blockburger*" test is applied. The *Blockburger* test examines whether each charged offense contains an element not contained in the other charged offense. *See Dixon*, 509 U.S. at 696, 113 S. Ct. 2849. If there is an element in each offense that is not contained in the other, they are not the same offense for the purposes of double jeopardy, and they can both be prosecuted.

The substantive offense (Count 5) with which the defendant is charged does not require more than one person for its commission, whereas the charge of conspiracy (Count 1) requires that there be an agreement between two or more individuals. "It is settled law in this country that the commission of a substantive offense and a conspiracy to commit it are separate and distinct crimes, and a plea of double jeopardy is no defense to conviction for both." *Pereira v. United States*, 347 U.S. 1, 11

(1954); *Pinkerton v. United States*, 328 U.S. 640, 643-644 (1946).  Therefore, it is recommended that defendant's motion to dismiss be denied.


It is hereby **ORDERED** pursuant to 28 U.S.C § 636(b)(1) that:


This Report, Recommendation and Order be filed with the Clerk of Court.


**ANY OBJECTIONS** to this Report, Recommendation and Order must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report, Recommendation and Order in accordance with the above statue, Fed.R.Crim.P. 58(g)(s) and Local Rule 58.2.


The district judge will ordinarily refuse to consider *de novo*, arguments, case law and/or evidentiary material which could have been, but were not presented to the magistrate judge in the first instance.  *See, e.g., Patterson-Leitch Co., Inc. v. Massachusetts Municipal Wholesale Electric Co.*, 840 F.2d 985 (1st Cir. 1988).  **Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Judge's Order.**  *Thomas v. Arn*, 474 U.S. 140 (1985); *Wesolek, et al. v. Canadair Ltd., et al.*, 838 F.2d 55 (2d Cir. 1988).


The parties are reminded that, pursuant to Rule 58.2 of the Local Rules for the Western District of New York, "written objections shall specifically identify the

portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." **Failure to comply with the provisions of Rule 58.2, or with the similar provisions of Rule 58.2 (concerning objections to a Magistrate Judge's Report, Recommendation and Order), may result in the District Judge's refusal to consider the objection.**

DATED:      March 29, 2017
            Buffalo, New York


                                        *S/ H. Kenneth Schroeder, Jr.*
                                        **H. KENNETH SCHROEDER, JR.**
                                        **United States Magistrate Judge**